UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRAVIS SKYLER OWEN FRANKLIN, <br><br> Plaintiff, <br><br> v. <br><br> DIEGO LOPEZ DE CASTILLA, et al., <br><br> Defendants. | CASE NO. C17-594-JLR-BAT <br><br> **ORDER DECLINING SERVICE AND GRANTING LEAVE TO AMEND** |

Pro se plaintiff Travis Franklin, who is currently confined at the Clallam Bay Corrections Center, files this 28 U.S.C. § 1983 prisoner civil rights complaint for conduct that occurred while he was a detainee at the Clallam Bay Corrections Center and the Monroe Correctional Complex. Dkt. 1-1. The Court declines to serve the complaint because it contains fatal deficiencies that, if not addressed, might lead to a recommendation of dismissal of the entire action for failure to state a claim upon which relief may be granted. However, because plaintiff is proceeding *pro se*, he is granted leave to file an amended complaint or to show cause why his claim should not be dismissed by **May 18, 2017. Any amended complaint will operate as a complete substitute for all previously filed complaints; plaintiff's previous complaint will not be considered**.

## FACTUAL ALLEGATIONS

Plaintiff contends that on May 19, 2014, he was sent from Clallam Bay Correctional Center to Olympic Medical Center in Port Angeles, where he remained for five days. He contends that Dr. William Hobbs at the Olympic Medical Center diagnosed him with Grave's Disease, high blood pressure, "penomia," and possible Nephrotic Syndrome. He further asserts that Dr. Hobbs told him he needed immediate follow-up treatment with thyroid and kidney specialists, and that Dr. Hobbs "discussed it with the prison and after care follow up appointments would be made and a kidney biopsy would be ordered." Plaintiff was subsequently transferred to Monroe Correctional Complex on May 25, 2014 and taken to the Inpatient Unit, where he saw Dr. Diego Lopez de Castilla. Plaintiff asserts Dr. Lopez de Castilla assured him he spoke with Dr. Hobbs, he was aware of his medical needs, a kidney biopsy would be ordered, and that appointments would be scheduled immediately with a kidney and thyroid doctor. Plaintiff asserts that he was released from prison on July 14, 2014, having never received the medical care that was discussed. He further asserts he is now back in prison, and his medical condition is getting worse. He seeks as relief damages for pain and suffering and neglect, and a Court Order directing the DOC to provide him with all of the "outside" medical care he needs.

## DISCUSSION

To sustain a civil rights action under § 1983, a plaintiff must show (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state or federal law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

**A.     Named Defendants**

ORDER DECLINING SERVICE AND
GRANTING LEAVE TO AMEND - 2

Plaintiff's complaint names as defendants Dr. Diego Lopez de Castilla and Gary Fleming, but he provides no facts clearly linking Dr. Lopez de Castilla to his alleged harms, and no facts whatsoever related to Mr. Fleming. Sweeping allegations against an official are insufficient to state a claim for relief. A plaintiff must set forth specific facts showing a causal connection between each defendant's actions and the harm allegedly suffered by plaintiff. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In other words, plaintiff must allege facts sufficient to support his claims against each of the named defendants. Plaintiff may accomplish this by filing an amended complaint that contains short, plain statements telling the Court: (1) the constitutional right he believes was violated; (2) the name of the person who violated the right; (3) exactly what that individual did or failed to do; (4) how the action or inaction of that person is connected to the violation of his constitutional rights; and (5) what specific injury he suffered because of that person's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72 (1976).

**B.      Medical Care and Treatment**

The Eighth Amendment proscribes deliberate indifference to a prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). However, mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir.1988). As pled, plaintiff's complaint fails to support a claim that amounts to more than mere negligence. To establish "deliberate indifference," a prisoner must show that a specific defendant or defendants purposefully ignored or failed to respond to the prisoner's pain or possible medical need. *Id*. at 104. A determination of "deliberate indifference" involves an examination of two elements: (1) the seriousness of the prisoner's medical need; and (2) the nature of the defendant's response to that need. *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th

Cir.1992). Further, a prisoner can make no claim for deliberate medical indifference unless the denial was harmful. *McGuckin*, 974 F.2d at 1060; *Shapely v. Nevada Bd. of State Prison Comm'rs.*, 766 F.2d 404, 407 (9th Cir. 1985). If plaintiff intends to pursue a claim for deliberate indifference to a serious medical need, he must file an amended complaint that includes facts sufficient to show that the named defendants purposefully ignored or failed to respond to his serious medical needs, and that the denial was harmful.

Until plaintiff has plainly stated what his claims are in the manner described above, the Court cannot fully analyze whether he has stated a viable claim under 42 U.S.C. § 1983.

**CONCLUSION**

The Court **DECLINES** to serve the complaint which as discussed above is deficient. However, the Court grants plaintiff permission to submit an amended complaint to attempt to cure the above-mentioned deficiencies by **May 18, 2017.** The amended complaint must carry the same case number as this one. **If no amended complaint is timely filed, the Court will recommend that this matter be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted.**

DATED this 18th day of April, 2017.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge