UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TRAVIS SKYLER OWEN FRANKLIN,

          Plaintiff,

v.

DIEGO LOPEZ DE CASTILLA, et al.,

          Defendants.

CASE NO. C17-594-JLR-BAT

**ORDER DENYING SECOND MOTION TO APPOINT COUNSEL**

Plaintiff Travis Franklin, who is proceeding *pro se* and *in forma pauperis* in this civil rights action, has filed a motion to appoint counsel. Dkt. 12. This is plaintiff's second motion for counsel. His first motion, Dkt. 4, was denied. For similar reasons, the Court **DENIES** this second motion **WITHOUT PREJUDICE**.

Generally, a person has no right to counsel in a civil action. *See Campbell v. Burt*, 141 F.3d 927, 931 (9th Cir. 1998). The Court may appoint counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1), but only under "exceptional circumstances." *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). When determining whether "exceptional circumstances" exist, the Court considers "the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

ORDER DENYING SECOND MOTION TO
APPOINT COUNSEL - 1

| | |
|---|---|
| 1 | Plaintiff's second motion contends exceptional circumstances exist because he has mental and physical disabilities and little education, "which prevents him from understanding the legal documents he receives from the defendants and the Court." Dkt. 12 at 3. The Court understands this second motion was filed with the assistance of a fellow inmate. *Id.* at 1. But even assuming without deciding that plaintiff is unable to articulate his claims *pro se* in light of the complexity of the legal issues involved, plaintiff has still failed to show a likelihood of success on the merits. Plaintiff's amended complaint contends the defendant failed to timely schedule a kidney biopsy or send plaintiff to a nephrologist, thereby "either purposefully ignor[ing] or fail[ing] to respond to [his] pain and medical needs" and resulting in long-term medical complications. Dkt. 6 at 3. Though the exhibits attached to plaintiff's second motion to appoint counsel discuss to some extent treatments given or not given to address plaintiff's kidney disorder, they are insufficient to establish plaintiff is likely to prevail on the merits of his claim. *See* Dkt. 12. Appointment of counsel is therefore not justified at this time, and the Court **DENIES** the motion, Dkt. 12, **WITHOUT PREJUDICE**. Plaintiff may renew his motion in the future if exceptional circumstances arise. Any renewed motion must establish plaintiff meets both prongs of the "exceptional circumstances" test. *See Weygandt*, 718 F.2d at 954. |

The Clerk shall provide a copy of this Order to plaintiff.

DATED this 6th day of July, 2017.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge